IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-394-BO

| | |
|---|---|
| PAUL JONES AND MARK FITZHENRY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, Plaintiff, <br><br> v. <br><br> SAFE STREETS USA LLC, ACUITY LLC, and TEKTIKS INNOVATIVE NETWORK USA INC. Defendants. | O R D E R |

This cause comes before the Court on defendant Safe Streets USA LLC's motion to dismiss. Also before the Court are plaintiffs' two motions to compel and motion to for substitute services. The appropriate responses and replies have been filed, or the time for doing so has expired, and the matters are ripe for ruling. For the reasons that follow, defendant's motion to dismiss is denied and plaintiffs' motions to compel and for substitute service are granted.

BACKGROUND

Plaintiffs Paul Jones and Mark Fitzhenry initiated this action by filing a complaint in the United States District Court for the Southern District of New York. [DE 1]. The matter was subsequently transferred to this district and plaintiffs have filed a third amended complaint (complaint) naming Safe Streets USA (Safe Streets), Tektiks Innovative Network USA (Tektiks), and Acuity LLC (Acuity) as defendants. [DE 30; 59]. Plaintiffs filed this action to enforce the consumer privacy provisions of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Plaintiff Fitzhenry, a South Carolina resident, also brings a claim under the South Carolina Telephone Privacy Protection Act (SCTPPA), S.C. Code § 37-21-10, *et seq*.

Jones and Fitzhenry allege that they received unsolicited pre-recorded voice message calls on their cellular telephones (cell phones) from companies acting on behalf of Safe Streets, which offers home alarm services for ADT. Safe Streets contracts with third-party calling companies, like defendants Tektiks and Acuity, to increase sales through cold-calling marketing schemes.

Fitzhenry alleges that he was called on his cell phone by a vendor of Tektiks on May 5, 2019. When Fitzhenry answered the call, he heard a distinctive click and pause, which is a sign of a predictive dialer; a predictive dialer dials many telephone numbers at once and only transfers the call to a live agent if the call is answered. Fitzhenry heard a pre-recorded message offering him a wireless security system, and he pressed "1" to find out further information. Fitzhenry alleges he was connected with live persons who identified themselves as working for ADT, although it is believed that they worked for Safe Streets or Tektiks. Fitzhenry alleges he received a second call on August 31, 2019, from what was determined to be Safe Streets.

Jones alleges that he was called by defendant Acuity on August 5, 2019, on his cell phone. Jones alleges he was on the National Do Not Call Registry for more than thirty days prior to the call. Jones answered the call and a pre-recorded message about home security systems began to play but no company was identified. Jones ultimately engaged with a live telemarketer who identified himself as being with ADT, but was actually representing Safe Streets.

Plaintiffs allege that they and other call recipients were harmed by these calls as they were temporarily deprived of legitimate use of their phones and their privacy was improperly invaded. Plaintiffs further allege that they and the other call recipients were injured because these calls disturbed their solitude and were frustrating, obnoxious, annoying, and a nuisance. Plaintiffs further allege that defendant Safe Streets can be held vicariously liable for the actions

2

of third party telemarking entities such as Tektiks and Acuity under the TCPA. Finally, plaintiffs make their allegations on behalf of a putative class. Plaintiffs seek certification of the following class under the TCPA:

> All persons who, on or after four years prior to the filing of the initial complaint in this action, (1) received a pre-recorded voice message call or one made with an Automatic Telephone Dialing System, (2) made by or on behalf of Defendants, (3) regarding ADT home security services, and for whom (4) Defendants do not claim to have obtained prior express written consent, or claim to have obtained prior express written consent in the same manner they claim to have obtained prior express written consent from Plaintiffs.

Plaintiffs further seek certification of the following class under the SCTPPA:

> All persons with a South Carolina area code (1) whose telephone numbers were called using an inaccurate Caller ID (2) and to whom, at any time from May 18, 2018, Defendants, or someone on its behalf, (3) placed at least one call by or at the direction of Defendants to promote the sale of ADT goods or services.

## DISCUSSION

I.   Motion to dismiss.

Defendant Safe Streets has moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). When acting on a motion to dismiss under Rule 12(b)(6), "the

court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993).

Safe Streets makes three arguments in support of its motion to dismiss: (1) that plaintiffs have not sufficiently alleged the use of an automatic telephone dialing system (ATDS) that randomly or sequentially generated the plaintiffs' phone numbers; (2) that plaintiffs' allegations fail to provide any reasonable inference that Safe Streets called each plaintiff with equipment that has the capacity to store or produce numbers using a random or sequential number generator; and (3) that plaintiffs' complaint fails to comply with minimum pleading requirements and is instead properly considered a "shotgun" pleading. The Court has considered the complaint in light of the applicable standard and determines that plaintiffs have plausibly alleged that Safe Streets violated the TCPA and the SCTCPA.

As to Safe Streets' first and second arguments, the TCPA prohibits, with certain exceptions not applicable here, making any call using an ATDS or an artificial or prerecorded voice to a cellular telephone number. 47 U.S.C. § 227(b)(1)(A)(iii). An ATDS is defined by the statute as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* at § (a)(1).

Plaintiffs have both alleged the use of prerecorded voice messages. "Calls made using an artificial or prerecorded voice are independently actionable from calls made using an ATDS." *Brown v. Ocwen Loan Servicing LLC*, No. 8:18-CV-136-T-60AEP, 2019 WL 4221718, at *5 (M.D. Fla. Sept. 5, 2019). Plaintiffs' complaint is further sufficient at this stage to allege that an ATDS was used. "[I]in order for a program to qualify as an ATDS, the phone numbers it calls must be either stored in any way or produced using a random- or sequential-number-generator . .

4

.." *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 284 (2d Cir. 2020). Recognizing that the Fourth Circuit has not defined what constitutes an ATDS, and there is some disagreement among the circuits that have considered the issue, the Court nonetheless finds that the pleading is sufficient in light of this stage of the litigation. *Boger v. Citrix Sys., Inc.*, No. 8:19-CV-01234-PX, 2020 WL 1033566, at *3 (D. Md. Mar. 3, 2020). Plaintiffs have alleged the presence of a distinctive pause at the beginning of the call, the receipt of more than one call, that a predictive dialer, which can qualify as an ATDS, was used, and that a computerized caller ID, which does not reveal the company name, was used. *See, e.g., id.*; *Whitehead v. Ocwen Loan Servicing, LLC*, No. 218CV470FTM99MRM, 2018 WL 5279155, at *4 (M.D. Fla. Oct. 24, 2018). Discovery is the appropriate time for plaintiffs to learn about the precise technology used to generate the calls on behalf of Safe Streets and whether that equipment qualifies as ATDS. *Wilson v. Quest Diagnostics Inc.*, No. 2:18-11960, 2018 U.S. Dist. LEXIS 212023, at *9 (D.N.J. Dec. 10, 2018).

A shotgun pleading is a pleading that "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading" or a pleading in which "it is virtually impossible to know which allegations of fact are intended to support which claims for relief." *SunTrust Mortg., Inc. v. First Residential Mortg. Servs. Corp.*, No. 3:12cv162, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012).

Plaintiffs' complaint is not a shotgun pleading and complies with the requirement of Fed. R. Civ. P. 8. The claims are articulated with sufficient clarity and Safe Streets is on notice of the claims against it. In sum, plaintiffs have alleged plausible claims for relief and the motion to dismiss for failure to state a claim is denied.

II.     Motions to compel.

Plaintiffs have filed two motions to compel Safe Streets to comply with their discovery requests pursuant to Rule 37 of the Federal Rules of Civil Procedure.

The first motion to compel concerns information about the calls made on Safe Streets' behalf to consumers other than plaintiffs. Safe Streets asserts that it has either already provided this information, the information is irrelevant, and/or the information is overly broad in scope and harassing or premature in nature. The second motion to compel concerns discovery related to Safe Streets' potential vicarious liability for the telemarketing conduct of co-defendants Tektiks and Acuity, as well as a third currently unnamed vendor who contacted one of the plaintiffs following the filing of this case.

Rule 26 of the Federal Rules of Civil Procedure provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .." Fed. R. Civ. P. 26(b)(1). The discovery "rules are to be given a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Court has substantial discretion to manage discovery. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). "The party resisting discovery bears the burden of showing why it should not be granted." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010).

In order to demonstrate that a class should be certified pursuant to Fed. R. Civ. P. 23(c), plaintiffs must be able to show numerosity, commonality, and typicality of the class members. Plaintiffs have requested that Safe Streets provide them with the following information: how many new customers Safe Streets has received from any vendor associated with either of the plaintiffs (Interr. 7); production of all documents relating to the number of customers or amount revenue acquired by Safe Streets from telemarketing (Doc. Req. 7); and production of all

documents relating to complaints or do-not-call requests concerning telemarketing, including, but not limited to, lists or databases containing complaints and related metadata and identifying information of complainants, which should include complaints received by, *inter alia*, mail, email, state attorney general, and the F.C.C. (Doc. Req. 11).

Safe Streets has failed to demonstrate that plaintiffs are not entitled to their class discovery. First, the Court will require an adequate record from which to determine, at the appropriate time, whether to certify the class. *See Hicks v. Hous. Baptist Univ.*, No. 5:17-CV-629-FL, 2020 U.S. Dist. LEXIS 8382, at *9 (E.D.N.C. Jan. 17, 2020). Second, the requested information, including call logs and customer lists, has been determined in other TCPA actions to be relevant and not unduly burdensome. *See, e.g., Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229-SB, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017). Safe Streets' general objection to producing a class list is overruled.

Safe Streets' specific objections to Interr. 7 and Doc. Req. 7 and 11 are also overruled. Safe Streets argues that the request for a list of new customers it received from any vendor associated with either of the plaintiffs is overbroad and not relevant. The request is not overbroad, as it is tailored to any vendor associated with the plaintiffs and does not include a request for new customers generated by any vendor of Safe Streets. Safe Streets also argues that plaintiffs' second request for all documents relating to the number of customers or amount of revenue acquired by Safe Streets from telemarketing reaches beyond the complaint. The Court determines, however, that "the information sought by [p]laintiffs is proportional to the needs of this case, and thus discoverable." *Gaston v. LexisNexis Risk Sols., Inc.*, No. 5:16-CV-009-KDB-DCK, 2019 WL 7019405, at *4 (W.D.N.C. Dec. 20, 2019).

Finally, Safe Streets objects to producing lists of past TCPA litigation or complaints, but such information is plainly related to willfulness and the issue of damages and is thus discoverable. *See Osborne v. Gila, LLC*, No. 15-62585-CV, 2016 WL 7508260, at *2 (S.D. Fla. May 24, 2016) ("Because the TCPA provides for additional damages if violated willingly or knowingly, the production of the information Plaintiff seeks would be relevant in determining if Defendant knew of the TCPA, and its restrictions, when it allegedly placed calls to Plaintiff."); *Pollock v. Northland Grp., Inc.*, No. 12-80335-RYSKAMP, 2012 WL 12905878, at *1 (S.D. Fla. Aug. 22, 2012).

Plaintiffs' second motion to compel is also granted. In their second motion, plaintiffs seek discovery concerning Safe Streets' potential vicarious liability for the telemarketing conduct of co-defendants. The internal correspondence related to the vendors that contacted plaintiffs (Doc. Re. 16) is relevant to show whether Safe Streets can be held vicariously liable for their vendors' conduct. *See Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 660 (4th Cir. 2019). The request for documents related to complaints or do-not-call requests (Doc. Req. 11) has been addressed above.

III. Motion for substituted service.

Plaintiffs have demonstrated good cause for allowing substituted on defendant Acuity by service pursuant to Fed. R. Civ. P. 4(e)(1) and Colo. R. Civ. P. 4(f). The motion is GRANTED.

CONCLUSION

Accordingly, for the foregoing reasons, defendant Safe Streets' motion to dismiss [DE 61] is DENIED. Plaintiffs' motions to compel [DE 64 & 68] are GRANTED. Plaintiffs' motion for substituted service [DE 61] is also GRANTED.

SO ORDERED, this 16 day of June, 2020.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

9