IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-00394-BO

| | |
|---|---|
| PAUL JONES AND MARK FITZHENRY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) |
| PLAINTIFFS, | ) ) |
| v. | ) ) |
| SAFE STREETS USA LLC and TEKTIKS INNOVATIVE NETWORK USA INC, | ) ) ) |
| DEFENDANTS. | ) ) |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

PREAMBLE ................................................................................................................... 1

RECITALS ................................................................................................................... 1

AGREEMENT ................................................................................................................ 2

**<u>EXHIBITS</u>**

[PROPOSED] PRELIMINARY APPROVAL ORDER ............................................. EXHIBIT 1

LONG-FORM NOTICE ............................................................................. EXHIBIT 2

POSTCARD NOTICE AND CLAIM FORM ............................................................ EXHIBIT 3

PUBLICATION NOTICE ......................................................................... EXHIBIT 4

PUBLICATION NOTICE CLAIM FORM .............................................................. EXHIBIT 5

[PROPOSED] FINAL APPROVAL ORDER ........................................................... EXHIBIT 6

# PREAMBLE

It is hereby stipulated and agreed by and among the undersigned Parties (defined below), subject to the approval of the Court, that the settlement of these Actions (defined below) shall be effectuated pursuant to the terms and conditions set forth in this Class Action Settlement Agreement and Release.

# RECITALS

The following recitals are incorporated by reference and are considered part of the Settlement Agreement (defined below):

**A.** On May 10, 2019, plaintiff Mark Fitzhenry filed a putative class action complaint in the United States District Court for the Southern District of Florida against ADT LLC ("ADT") and Safe Streets USA LLC ("**Safe Streets**"). On August 7, 2019, Mr. Fitzhenry amended his complaint and added Tektiks Innovative Network USA Inc. ("Tektiks") as a defendant and removing ADT as a party. On August 16, 2019, the parties transferred this action to the Western Division of the Eastern District of North Carolina. On November 4, 2019, a second amended complaint was filed that included Paul Jones as a plaintiff.

**B.** On November 16, 2020, plaintiff Stewart Abramson filed a putative class action in the United States District Court for the Southern District of Florida against Simple Home 360 Inc., Civil Action No. 20-cv-62325. On January 6, 2021, Mr. Abramson added Safe Streets as a party.

**C.** The plaintiffs in these actions are collectively referred to as "**Plaintiffs**". Safe Streets and Plaintiffs are collectively the "**Parties**" and each, individually, a "**Party**", and the lawsuits are collectively referred to as the "**Actions**".

**D.** The complaints in the *Actions* asserted that Safe Streets, through alleged agents, violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "**TCPA**") by placing unsolicited telemarketing calls to Plaintiffs and members of the putative class.

**E.** Safe Streets disputes Plaintiffs' allegations and maintains that it and its third-party vendors complied with the TCPA and all other applicable laws. The Parties are entering into this Settlement Agreement to avoid the risk and expense of further litigation, to resolve all disputes

that have arisen between them, and to settle any and all claims that do or may exist in the past, present, or future.

**F.** This Settlement Agreement is the result of good faith, arm's-length settlement negotiations that took place only after the Parties engaged in motion practice and discovery in the Actions. The Parties have exchanged information through discovery, have participated in mediation under the guidance of mediator Hon. Morton Denlow from JAMS, and have had a full and fair opportunity to evaluate the strengths and weaknesses of their respective positions.

**G.** The Parties understand, acknowledge, and agree that this Settlement Agreement constitutes the settlement and compromise of disputed claims. This Settlement Agreement is inadmissible as evidence against any of the Parties except to enforce the terms of the Settlement Agreement, and is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement. The Parties desire and intend to effectuate a full, complete, and final settlement and resolution of all existing disputes and claims as set forth herein.

**H.** The Parties hereby stipulate and agree that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to approval of the Court, the Actions shall be fully and finally settled and dismissed with prejudice under the following terms and conditions.

**AGREEMENT**

**1.   DEFINITIONS**

In addition to the definitions set forth above and below, the following shall be defined terms for purposes of this Settlement Agreement. Some of the definitions in this section use terms that are defined later in this section. All defined terms below are in bold-face font and listed in alphabetical order:

    **1.1   Administration Costs.** Costs and fees incurred by the Settlement Administrator in providing notice to the Settlement Class and administering the settlement.

    **1.2   Authorized Claimant.** A Claimant who submits a timely and valid Claim Form.

**1.3** **Calls.** Telephone calls and/or text messages to any kind of telephone number using any kind of technology or telephony, including, but not limited to, Voice over Internet Protocol.

**1.4** **Claim.** A request by a Settlement Class Member for payment pursuant to this Settlement Agreement.

**1.5** **Claim Form(s).** The document to be submitted by a Claimant pursuant to this Settlement Agreement. The Claim Form submitted to the Court for approval must be substantially in the form attached as **Exhibit 6**.

**1.6** **Claimant.** A Settlement Class Member who has submitted a Claim Form through the process to submit a Claim Form pursuant to Section 5.

**1.7** **Class Period.** From May 10, 2015, through the date of entry of the Preliminary Approval Order by the Court.

**1.8** **Court.** United States District Court for the Eastern District of North Carolina.

**1.9** *Cy Pres* **Recipient.** Subject to Court approval, the National Consumer Law Center.

**1.10** **Distribution Plan.** The plan for distributing the Settlement Fund pursuant to Section 3 of this Settlement Agreement.

**1.11** **Effective Date.** The date on which all of the following events and conditions have occurred: (a) the Court has entered a Final Judgment; and (b) the Final Judgment has become final in that the time for appeal or writ has expired or, if any appeal and/or petition for review is taken and the settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. If the Final Judgment is not entered or is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, this Settlement Agreement will be terminated and cancelled and the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement, and they shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed or accepted.

**1.12** **Execution Date.** The date on which this Settlement Agreement has been executed by all of the Parties.

**1.13    Fees, Costs, and Expenses Award.**  Subject to Court approval, the amount of attorneys' fees and reimbursement of out-of-pocket costs and expenses awarded to Settlement Class Counsel from the Settlement Fund.

**1.14    Final Approval Hearing.**  The hearing held by the Court to consider evidence and argument for the purpose of determining whether to enter the Final Approval Order and Final Judgment, and evaluating the Fees, Costs, and Expenses Award and request for an award of Service Payments to Plaintiffs.

**1.15    Final Approval Order.**  The order finally certifying the Settlement Class, and approving the settlement as fair, reasonable, and adequate, substantially in the form attached as **Exhibit 7**.

**1.16    Final Judgment**.  The entry by the Court of a judgment consistent with the Final Approval Order.

**1.17    Safe Streets' Counsel.**  Lewis Brisbois Bisgaard & Smith LLP.

**1.18    Long-Form Notice.**  The plain-language long-form version of the notice of the settlement that is to be provided on the Settlement Website and that will be provided through a link in the Publication Notice.  The Long-Form Notice submitted to the Court for approval must be substantially in the form attached as **Exhibit 2**.

**1.19    Postcard Notice.**  The plain-language summary notice of the settlement that is mailed to Settlement Class Members pursuant to Section 4, providing the URL of the Settlement Website and contact information for the Settlement Administrator.  The Postcard Notice submitted to the Court for approval must be substantially in the form attached as **Exhibit 3**.

**1.20    Preliminary Approval Order.**  The Order of Preliminary Approval of Settlement to be entered by the Court substantially in the form attached as **Exhibit 1**.

**1.21    Publication Notice.**  The plain-language notice publicizing the settlement through an internet media campaign designed by the Parties and the Settlement Administrator to target adults 18 years or older with nationwide reach on desktop and mobile devices via the Google Display Network and Facebook social media platform for a 45-day duration.  The Publication

Notice submitted to the Court for approval must be substantially in the form attached as **Exhibit 4**.

**1.22    Released Claims.**  Any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, of every nature and description whatsoever, as of the date of the Preliminary Approval Order, that arise out of or relate in any way to the Released Parties' use of any telephone, any telephone or dialing equipment or an "artificial or prerecorded voice," and/or any text messaging platform to contact or attempt to contact members of the Settlement Class. This release expressly includes, but is not limited to, all claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), the TCPA's implementing regulations, 47 C.F.R. § 64.1200, et seq., the Telemarketing Sales Rule, 16 C.F.R. § 310, et seq. (the "TSR"), any corollary and/or state laws similar to the TCPA and TSR, or enactment of any other statutory, regulatory or common law claim arising thereunder. . The release includes any actions by ADT and/or Safe Streets and any actions taken on behalf of ADT and/or Safe Streets by alleged agents of ADT and/or Safe Streets as alleged in the Complaints.

**1.23    Released Parties.**  Safe Streets and each of its past, present, and future members, owners, direct and indirect parents, subsidiaries, managers, divisions, predecessors, successors, holding companies, and affiliated companies and corporations, and each of the past, present, and future directors, officers, managers, employees, contractors, vendors, general partners, limited partners, investors, controlling persons, owners, trustees, principals, agents, associates, administrators, insurers, reinsurers, shareholders, attorneys, accountants, advisors, consultants, assignors, assignees, representatives, fiduciaries, predecessors, successors, divisions, joint ventures, or related entities of those companies including, but not limited to, the vendors,

subvendors, contractors, subcontractors, and service providers retained to make calls or that otherwise offered leads to Safe Streets. This includes, but is not limited to, ADT. The release of any third parties is limited to any actions taken on behalf of Safe Streets and/or ADT.

1.24 **Releasing Parties.**  Plaintiffs and the Members of the Settlement Class (whether or not such Members submit Claim Forms), and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, and employees (each solely in their respective capacity as such), and all those who claim through them or who assert claims (or could assert claims) on their behalf.

1.25 **Response Deadline.**  The date by which a Settlement Class Member must submit a Claim Form, object to this Settlement Agreement, or submit a request for exclusion to the Settlement Administrator.  The Response Deadline shall be seventy five (75) calendar days after entry of the Preliminary Approval Order.

1.26 **Settlement Agreement.**  This Class Action Settlement Agreement and Release including all exhibits.

1.27 **Service Payment(s).**  Subject to Court approval, a one-time payment to each of the Plaintiffs pursuant to Section 2.1.3.

1.28 **Settlement Administrator.**  Subject to Court approval, EPIQ.

1.29 **Settlement Class.**  All persons in the United States that Safe Streets USA LLC, Acquity, LLC, Perfectvision Manufacturing Inc., Tektiks Innovative Network USA Inc., Simple Home 360 Inc.,  MWT & S Biz, LLC and/or their respective subcontractors (hereinafter "the Parties") called from May 10, 2015 through the date of the preliminary approval order and (1) received a telemarketing and/or pre-recorded voice message Call, (2) made by or on behalf of Safe Streets USA LLC and (3) regarding ADT home security services.

1.30 **Settlement Class Counsel.**  Paronich Law, P.C. and Kaufman PA.

1.31 **Settlement Class Member(s).**  All persons or entities in the Settlement Class.

**1.32    Settlement Fund.**  Safe Streets and their insurer(s) will create a non-reversionary, capped Settlement Fund of one million five hundred thousand dollars and zero cents ($1,500,000.00).  The Settlement Fund shall represent the maximum payment to be paid by Safe Streets and will be used to pay all approved Claims, the Administration Costs, the Fees, Costs, and Expenses Award, and/or the Service Payments.

**1.33    Settlement Website.**  A website created and maintained by the Settlement Administrator for the purpose of providing the Settlement Class with notice of the proposed settlement.  This website will allow Settlement Class Members who receive Publication Notice to view and print Claim Forms and will accept electronic opt-out requests.

**2.      SETTLEMENT CONSIDERATION (BENEFITS AND RELEASE OF CLAIMS)**

**2.1    Settlement Fund.**

**2.1.1    Funding of the Settlement Fund.**  On or before twenty (20) calendar days after entry of the Preliminary Approval Order, Safe Streets shall deposit one million five hundred thousand dollars and zero cents ($1,500,000.00) pursuant to instructions to be provided by the Settlement Administrator to create the Settlement Fund.

**2.1.2    Settlement Class Member Benefits.**  Settlement Class Members shall be eligible to receive monetary benefits from the Settlement Fund in accordance with the Distribution Plan.

**2.1.3    Application for Service Payment.**  Plaintiffs may apply to the Court for a reasonable award of a Service Payment of not more than five thousand dollars and zero cents ($5,000.00) each.   Safe Streets reserves the right to respond to such a request as it deems appropriate. Any Service Payment awarded by the Court shall be paid by the Settlement Administrator from the Settlement Fund.

**2.1.4    Settlement Class Counsel's Fees, Costs, and Expenses.**  Settlement Class Counsel may apply to the Court for a reasonable award of fees, costs, and expenses.  Settlement Class Counsel will apply for attorneys' fees of not more than one-third of the Settlement Fund and will apply for not more than $50,000 in out-of-pocket costs and expenses.  Safe Streets reserves

the right to respond to Settlement Class Counsel's requests as it deems appropriate. Any Fees, Costs, and Expenses Award awarded by the Court shall be paid by the Settlement Administrator from the Settlement Fund.

        **2.1.5  Settlement Administrator and Administration Costs.** Administration Costs shall be paid from the Settlement Fund, or, in the event such costs and expenses are incurred but the Effective Date does not occur, shall be paid by Safe Streets only to the extent actually incurred by the Settlement Administrator.

**3.    DISTRIBUTION PLAN**

        **3.1    Electronic Transfers.** The Claim Form shall allow Settlement Class Members to elect between receiving an award by check or electronically which shall include by Automated Clearing House ("ACH," a/k/a direct deposit), PayPal, and any other electronic payment format recommended by the Settlement Administrator and agreed upon by the Parties. The Parties will work with the Settlement Administrator on appropriate procedures for collecting this election information. Settlement Class Members who fail to provide complete or correct information to permit such transfers, shall, after a reasonable attempt by the Settlement Administrator to resolve such issues, relinquish their right to payment pursuant to the Settlement Agreement.

        **3.2    Returned Checks.** If checks are returned without a forwarding address, the Settlement Administrator shall not conduct skip-tracing or other address verification. If checks are returned with a forwarding address, the Settlement Administrator shall mail them to the new address within seven (7) calendar days.

        **3.3    Uncashed Checks.** Any checks issued under this Settlement Agreement shall be negotiable for at least ninety (90) calendar days. Individual checks that have not been negotiated within ninety (90) calendar days after issuance, if any, shall be void.

        **3.4    Tax Information.** If the payment(s) to any Settlement Class Member will meet or exceed six hundred dollars and zero cents ($600.00) in the aggregate, the Settlement Administrator will request that Settlement Class Members provide either a taxpayer identification or a social security number due to Internal Revenue Service reporting requirements. If such a Settlement

Class Member does not provide a taxpayer identification or social security number in a timely manner, the  amount of the payment(s) in excess of five hundred ninety-nine dollars and ninety-nine cents ($599.99) may be withheld.

3.5     **Initial Payments.**  Except as otherwise provided, on or before sixty (60) calendar days after the Effective Date, the Settlement Administrator shall deduct any Service Payments, any Administrations Costs, and any Fees, Costs, and Expenses Award from the Settlement Fund and deliver them to the appropriate individuals or entities entitled to them, in accordance with the terms of the Settlement Agreement, Final Approval Order, and Final Judgment.  Awards to Authorized Claimants will then be distributed on a pro rata basis (i.e., by dividing the remaining funds in the Settlement Fund by the total number of Authorized Claimants).  For Authorized Claimants who requested an award by check, their payment(s) shall be mailed as a check by the Settlement Administrator within seventy-five (75) calendar days after the Effective Date.  For Authorized Claimants who requested the award to be transmitted by electronic means, a transfer reflecting their payment(s) shall be transmitted to the Authorized Claimant between seventy-five (75) and eighty (80) calendar days after the Effective Date.

3.6     **Second Payments.**  After the time period in Section 3.3 has run and prior to the *cy pres* distribution set forth in Section 3.7, Authorized Claimants who received and negotiated an initial payment pursuant to Section 3.5 will receive a second payment on a pro rata basis (i.e., by dividing the remaining funds in the Settlement Fund by the total number of Authorized Claimants that negotiated a payment pursuant to Section 3.5) to the extent such a payment is economically feasible (e.g., more than $5.00).

3.7     ***Cy Pres* Distribution.**  Any funds remaining in the Settlement Fund after the second payment pursuant to Section 3.6 (if any), will be paid to the *Cy Pres* Recipient within thirty (30) calendar days after the time for Authorized Claimants to negotiate the second payment pursuant to Section 3.6 has expired.

3.8     **No Claims Related to Distribution Calculations.**  No person or entity shall have any claim against Safe Streets, Safe Streets' Counsel, the Released Parties, Plaintiffs, the

Settlement Class Members, Settlement Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with this Settlement Agreement.

**4.      CLASS NOTIFICATION PROCEDURES**

**4.1      CAFA Notice.**  Within ten (10) calendar days after the motion for entry of the Preliminary Approval Order is filed with the Court, Safe Streets, through the Settlement Administrator, shall serve upon relevant government officials notice of the proposed settlement in accordance with 28 U.S.C. § 1715.  The Settlement Administrator shall thereafter complete a declaration attesting to the completion of notice pursuant to 28 U.S.C. § 1715 so that it can be filed with the Court.

**4.2      Settlement Website.**  Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator will activate the Settlement Website.  To help protect against fraudulent submissions, the Settlement Administrator may (among other things) use reCAPTCHA for each electronic form submission. The Settlement Administrator shall post on the Settlement Website: (a) the operative complaints; (b) the Settlement Agreement; (c) the Preliminary Approval Order; (d) the Long-Form Notice; (e) a downloadable (i.e., PDF) Claim Form; and (f) within three (3) calendar days after it is filed, Settlement Class Counsel's motion for a Fees, Costs, and Expenses Award.  The Settlement Website will be active until the last date Authorized Claimants have to negotiate any checks sent.

**4.3      Notice to Settlement Class Members.**

**4.3.1      Postcard Notice.**  Unless otherwise ordered by the Court, on or before thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator shall send Mail Notice to those Settlement Class Members for whom an address can be located through reasonable effort.

**4.3.2      Publication Notice.**  Unless otherwise ordered by the Court, on or before thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator shall send Publication Notice via the internet with nationwide reach substantially in the form attached as **Exhibit 4**.

**4.4     Inquiries from Settlement Class Members.**  The Settlement Administrator will establish a post office box and email address to which Settlement Class Members may submit questions regarding the settlement.  The Settlement Administrator will monitor the post office box and email address and respond promptly to inquiries received from Settlement Class Members. Additionally, no later than thirty (30) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator shall establish a toll-free telephone number that Settlement Class Members can call and listen to answers to a set of Frequently Asked Questions or obtain the unique identifier assigned by the Settlement Administrator to each Settlement Class Member.

**5.     CLAIMS SUBMISSION AND VALIDATION PROCESS**

**5.1     Claim Process for Settlement Class Members.**  To be eligible to receive an award under this Settlement Agreement, subject to the review process for Claims pursuant to Section 5.3, Settlement Class Members must accurately and timely complete and submit a Claim Form and deliver that form to the Settlement Administrator.  Only one Claim Form may be submitted per Settlement Class Member.

**5.2     Claim Form Submission Deadline.**  Claim Forms must be submitted to the Settlement Administrator online, by email, or by postal mail and submitted or postmarked by the Response Deadline.  In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) calendar days prior to the date that the Settlement Administrator received a copy of the Claim Form.

**5.3     Claims Review Process.**

**5.3.1     Review of Claims.**  The Settlement Administrator shall review all submitted Claim Forms within a reasonable time for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any Claim.  In addition, the Settlement Administrator may verify that: (a) the information in a submitted Claim Form is accurate; and (b) the Claimant is a Settlement Class Member.  Claim Forms that do not meet the submission requirements shall be rejected.

**5.3.2    Deficient Claims.**  Prior to rejection of a Claim Form, the Settlement Administrator shall make reasonable efforts to communicate with the Claimant in an effort to remedy clearly curable deficiencies in the Claim Form submitted, except in instances where (i) the Claim is untimely, or (ii) the Claimant does not appear to be a Settlement Class Member.

**5.4    Settlement Administrator Interim Reports.**  Beginning seven (7) calendar days after the deadline to provide notice to Settlement Class Members pursuant to Section 4.3, the Settlement Administrator shall provide weekly reports to Safe Streets' Counsel and Settlement Class Counsel concerning the Claim Forms received during the prior week and the amount claimed to date.  The report shall also identify the number of valid requests for exclusions received and transmit any received objections.

**5.5    Claims Accounting.**  No later than fourteen (14) calendar days before the filing date for Plaintiffs' motion in support of the Final Approval Order and Final Judgment, the Settlement Administrator will serve upon Settlement Class Counsel and Safe Streets' Counsel a report indicating, among other things, the number of timely and valid Claim Forms that have been submitted as of that date.

## 6.    OBJECTIONS AND REQUESTS FOR EXCLUSION

**6.1    Objections.**  Any Settlement Class Member who has not submitted a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the Fees, Costs, and Expenses Award, or the Service Payments must comply with the following requirements.

**6.1.1    Content of Objections.**  All objections and supporting papers must be in writing and must: (a) clearly identify the case names and numbers; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address of the objecting Settlement Class Member; (d) include the full name, address, telephone number, email address, and the state bar(s) of admission of the objector's counsel (if the objector is represented by personal counsel); and (e) provide a detailed explanation stating the specific reasons for the objection,

including any legal or factual support and any evidence in support of the objection, in accordance with Rule 23(e)(5) of the Federal Rules of Civil Procedure.

6.1.2 **Deadline for Objections.** Objections may be submitted to the Settlement Administrator or the Court by postal mail and postmarked by the Response Deadline. The date of the postmark on the envelope containing the written statement objecting to the Settlement Agreement shall be the exclusive means used to determine whether an objection has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) calendar days prior to the date that the Settlement Administrator or Court received a copy of the objection.

6.1.3 **Failure to Object.** Settlement Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from objecting to the Settlement Agreement or the proposed settlement by appearing at the Final Approval Hearing, appeal, collateral attack, or otherwise.

6.1.4 **Attendance at Final Approval Hearing.** Any Settlement Class Member who timely submits a written objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through personal counsel. However, Settlement Class Members (with or without their attorneys) intending to make an appearance at the Final Approval Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." Only Settlement Class Members who submit timely objections including a Notice of Intention to Appear may speak at the Final Approval Hearing. If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal counsel's fees and costs.

6.2 **Requests for Exclusion.** This Settlement Agreement will not bind Settlement Class Members who timely and validly request to be excluded (also known as opting-out) of the settlement. Individual requests for exclusion may be submitted to the Settlement Administrator electronically (through the Settlement Website) or by postal mail, but if submitted by postal mail, each Settlement Class Member must pay for postage. No mass opt-outs are allowed.

6.2.1    **Contents of a Request for Exclusion.**  All requests for exclusion must be in writing and must: (a) clearly identify the case names and numbers; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address of the Settlement Class Member seeking exclusion; (d) contain a statement that the requestor does not wish to participate in the settlement; and (e) be signed personally by the Settlement Class Member.

6.2.2    **Deadline to Request Exclusion.**  To be excluded from the settlement, the request for exclusion must be submitted by the Response Deadline.  If submitted electronically (through the Settlement Website), the request for exclusion must be received no later than 11:59 p.m. Eastern Time on or before the Response Deadline.  If submitted by postal mail, the request for exclusion must be postmarked no later than the Response Deadline.  In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) calendar days prior to the date that the Settlement Administrator received a copy of the request for exclusion.

6.2.3    **Effect of Requesting Exclusion.**  Any person or entity who falls within the definition of the Settlement Class and who validly and timely requests exclusion from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the Settlement Agreement, shall not be bound by any judgment entered in the Actions, shall not be eligible to make a Claim for any benefit under the Settlement Agreement, and shall not be entitled to submit an objection to the settlement.  However, if a Settlement Class Member submits a Claim Form and request for exclusion, the request for exclusion shall be invalid and the Settlement Class Member shall remain a member of the Settlement Class.

6.2.4    **Exclusion List.**  No later than fourteen (14) calendar days after the Response Deadline, the Settlement Administrator shall provide Settlement Class Counsel and Safe Streets' Counsel with a list of all persons and entities who have timely and validly excluded themselves from the settlement.  The exclusion list shall be filed with the Court as part of Plaintiffs' motion for entry of the Final Approval Order and Final Judgment.

6.3  Blow Up Provision – If 20% or more members of the Settlement Class properly and timely opt out of the Settlement pursuant to Section 6.2, then the Settlement may be deemed null and void upon notice by Safe Streets without penalty or sanction.

## 7.  COURT APPROVAL PROCEDURES

### 7.1  Provisional Class Certification and Preliminary Approval Order.

**7.1.1  Settlement Class.**  For settlement purposes only, the Parties agree that Plaintiffs will move for certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) within twenty-one (21) calendar days after the Execution Date.  Safe Streets agrees not to contest certification of the Settlement Class, but specifically disputes that a class would otherwise be manageable in the Actions and denies that a litigation class properly could be certified on the claims asserted in the Actions. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Safe Streets does not oppose and hereby agrees to certification of the Settlement Class for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3).

**7.1.2  Preliminary Settlement Approval.**  Contemporaneously with the motion for provisional certification of the Settlement Class, Plaintiffs shall move the Court for a Preliminary Approval Order substantially in the form attached as **Exhibit 1** and setting the Final Approval Hearing at least one hundred (100) calendar days after entry of the Preliminary Approval Order.

### 7.2  Final Approval Hearing and Final Judgment.

**7.2.1  Declarations In Support of Final Approval.**  No later than twenty-one (21) calendar days before the Final Approval Hearing, the Settlement Administrator will provide to Settlement Class Counsel a sworn declaration verifying that notice was provided to Settlement Class Members with a copy to Safe Streets' Counsel.  In addition, the Settlement Administrator's declaration shall include information regarding the persons who have requested exclusion from the Settlement Class and any objections sent to the Settlement Administrator.

**7.2.2    Motion for Final Settlement Approval.**  At least fourteen (14) calendar days before the Final Approval Hearing, Plaintiffs will request that the Court enter the Final Approval Order substantially in the form attached as **Exhibit 8**.

**7.3    Modifications Suggested by the Court.**  If the Court suggests any modifications to the Settlement Agreement or conditions entry of the Preliminary Approval Order, Final Approval Order, or Final Judgment on modifications to the Settlement Agreement, the Parties shall, working in good faith and consistent with the Settlement Agreement, endeavor to address any such concerns identified by the Court.

## 8.    ADDITIONAL PROVISIONS, REPRESENTATIONS, AND WARRANTIES

**8.1    Entire Agreement.**  This Settlement Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Settlement Agreement.

**8.2    No Admissions of Liability.**  Safe Streets denies any and all allegations in the Actions and denies all wrongdoing.  This Settlement Agreement does not constitute, is not intended to constitute, and will not under any circumstances be deemed to constitute, an admission of wrongdoing or liability by any Party, such wrongdoing and liability being expressly denied and no final adjudication having been made.  The Parties have entered into the Settlement Agreement solely as a compromise of all claims for the purpose of concluding the disputes between them, and the Settlement Agreement may not be used by any third party against any Party or the Released Parties.  This Settlement Agreement shall not constitute evidence of the propriety of class certification for the purpose of litigation or trial in the Actions or any other case or proceeding regardless of whether the settlement is finally approved.

**8.3    Agreement Binding on Successors in Interest.**  This Settlement Agreement shall be binding on and inure to the benefit of the respective heirs, spouses, domestic partners, children, representatives, successors, and assigns of the Parties.

**8.4    Best Efforts.**  Plaintiffs and Safe Streets agree that the terms of the Settlement Agreement reflect a good-faith settlement of disputed claims.  The Parties consider the settlement

effectuated by this Settlement Agreement to be fair and reasonable and will use their best efforts to seek preliminary approval and, if granted, final approval of the Settlement Agreement by the Court, including in responding to any objectors, intervenors, or other persons or entities seeking to preclude entry of the Final Approval Order and/or Final Judgment and, if the settlement is granted final approval, to effectuate the settlement's terms. The Parties each represent and warrant that they have not  solicited, encouraged, or assisted, nor will they solicit, encourage, or assist, in any fashion any effort by any person (natural or legal) to object to the settlement under this Settlement Agreement.

8.5 **Additional Duties of the Settlement Administrator.** In addition to its duties identified above, the Settlement Administrator shall comply with all tax reporting obligations such as issuing any necessary United States Internal Revenue Service 1099 Forms, including but not limited to obtaining any necessary information from Settlement Class Counsel, Plaintiffs, and Authorized Claimants for tax reporting purposes. The Settlement Administrator shall ensure that the information that it receives from the Parties and Settlement Class Members is secured and managed in such a way as to protect the security and confidentiality of the information from third parties. The Settlement Administrator shall also perform any other duties necessary to administer the settlement and/or to which the Parties otherwise agree in writing.

8.6 **Taxes.** Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. Such taxes and tax-related expenses shall not be paid from the Settlement Fund. In no event shall Safe Streets or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiffs, Settlement Class Members, Settlement Class Counsel, or any other person or entity. Any person or entity that receives a distribution further agrees to save and forever hold harmless the Released Parties from any and all liability therefrom.

**8.7    Amendment or Modification.**  This Settlement Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives.

**8.8    Headings and Formatting of Definitions.**  The various headings used in this Settlement Agreement are solely for the convenience of the Parties and shall not be used to interpret this Settlement Agreement.  Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**8.9    Notices.**  Any communication, verification, or notice sent by any Party in connection with this Settlement Agreement shall be sent by email and/or overnight mail as follows:

| <u>To Plaintiffs:</u> | <u>To Safe Streets:</u> |
|---|---|
| Anthony Paronich | David Hawthorne |
| Paronich Law, P.C. | Lewis Brisbois Bisgaard & Smith LLP. |
| 350 Lincoln Street, Suite 2400 | 110 SE 6th St., Suite 2600 |
| Hingham, MA 02043 | Fort Lauderdale, FL 33301 |
| Telephone: (617) 485-0018 | Telephone: (954) 828-0376 |
| Email: anthony@paronichlaw.com | Email: |
| | David.Hawthorne@lewisbrisbois.com |

**8.10    Time Periods.**  The time periods and dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of Settlement Class Counsel and Safe Streets' Counsel.

**8.11    Governing Law.**  This Settlement Agreement is intended to and shall be governed by the laws of North Carolina without regard to its choice of law principles.  Jurisdiction and venue for any disputes arising out of or related to the interpretation and enforcement of this Settlement Agreement shall be exclusively in the United States District Court for the Eastern District of North Carolina.

**8.12    No Construction against Drafter.**  This Settlement Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Settlement Agreement.

**8.13    Execution in Counterparts.**  This Settlement Agreement shall become binding upon its execution by all of the Parties.  The signatories may execute this Settlement Agreement in counterparts.  Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all signatories had signed the same instrument.

**8.14    Signatures.**  Each person executing this Settlement Agreement warrants that such person has the full authority to do so.  Signatures sent in pdf format by email will constitute sufficient execution of this Settlement Agreement.

**8.15    Representations and Warranties.**  Plaintiffs each represent and warrant that they have the authority and standing to settle the Actions.  Plaintiffs each expressly represent and warrant that they have not assigned, pledged or otherwise sold or transferred, either by written instrument or otherwise, any right, title, interest or claim they may have in connection with or arising out of the Actions.

**8.16    Continuing Jurisdiction.**  The Court shall retain jurisdiction to enforce this Settlement Agreement and the Final Judgment.

IN WITNESS WHEREOF, the Parties hereby accept and agree to the Settlement Agreement, as reflected by their signatures below.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

Dated: July  30 , 2021  By: *Colleen Martin*
           Safe Streets USA LLC

           Its:  General Counsel


Dated: July ____, 2021  By: _____
           Stewart Abramson,
           on behalf of himself and the
           Settlement Class Members


Dated: July ____, 2021  By: _____
           Paul Jones,
           on behalf of himself and the
           Settlement Class Members


Dated: July ____, 2021  By: _____
           Mark Fitzhenry,
           on behalf of himself and the
           Settlement Class Members

Dated: July ____, 2021

By: _____

Safe Streets USA LLC

Its: _____

Dated: July ⁲⁹____, 2021

By: _____

Stewart Abramson,
on behalf of himself and the
Settlement Class Members

Dated: July ³⁰____, 2021

By: _____

Paul Jones,
on behalf of himself and the
Settlement Class Members

Dated: July ³⁰____, 2021

By: _____

Mark Fitzhenry,
on behalf of himself and the
Settlement Class Members

4850-6060-3635.1

**EXHIBIT 1**
**[PROPOSED] PRELIMINARY APPROVAL ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-00394-BO

| | |
|---|---|
| PAUL JONES AND MARK FITZHENRY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) |
| PLAINTIFFS, | ) ) |
| v. | ) ) |
| SAFE STREETS USA LLC and TEKTIKS INNOVATIVE NETWORK USA INC, | ) ) ) ) |
| DEFENDANTS. | ) ) |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

This Court has reviewed the motion for preliminary approval of class settlement filed in this Action, including the Class Action Settlement Agreement and Release ("Settlement Agreement").[1] Based on this review and the findings below, the Court finds good cause to grant the motion.

**FINDINGS:**

1.     The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions set forth therein, subject to further consideration at the Final Approval Hearing.

2.     The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement, and hereby finds that the settlement has the hallmarks

---

[1] Capitalized terms in this Preliminary Approval Order ("Order"), unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

of a reasonable settlement meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

3.    The Long-Form Notice, Mail Notice, Postcard Notice, Publication Notice, and Claim Form (all attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise Settlement Class Members of the proposed settlement of the Actions, and their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

4.    For settlement purposes only, the class is so numerous that joinder of all Settlement Class Members is impracticable.

5.    For settlement purposes only, Plaintiffs' claims are typical of the Settlement Class Members' claims.

6.    For settlement purposes only, there are questions of law and fact common to the Settlement Class Members that predominate over any questions affecting only individual Settlement Class Members.

7.    For settlement purposes only, class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

1.    **Settlement Approval.**  The Settlement Agreement, including the Long-Form Notice, Postcard Notice, Publication Notice, and Claim Form attached to the Settlement Agreement as Exhibits 2-5 are preliminarily approved.

2.      **Appointment of the Settlement Administrator and the Provision of Class Notice.** EPIQ is appointed as the Settlement Administrator. Defendant Safe Streets and the Settlement Administrator will notify Settlement Class Members of the settlement in the manner specified under Section 4 of the Settlement Agreement.

3.      **Claim for a Settlement Award.** To be eligible to receive an award, subject to the review process for Claims pursuant to Section 5.3 of the Settlement Agreement, Settlement Class Members must submit a timely and valid Claim Form to the Settlement Administrator no later than seventy five (75) calendar days after the entry of this Order.

4.      **Objection to Settlement.** Any Settlement Class Member who has not submitted a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the Fees, Costs, and Expenses Award, or the Service Payments must deliver written objections to the Settlement Administrator or the Court by postal mail and postmarked no later than seventy five (75) calendar days after the entry of this Order. Written objections must: (a) clearly identify the case names and numbers; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address of the objecting Settlement Class Member; (d) include the full name, address, telephone number, email address, and the state bar(s) of admission of the objector's counsel (if the objector is represented by personal counsel); and (e) provide a detailed explanation stating the specific reasons for the objection, including any legal or factual support and any evidence in support of the objection, in accordance with Rule 23(e)(5) of the Federal Rules of Civil Procedure. Any Settlement Class Member who timely submits a written objection, as described in this paragraph, has the option to appear and request to be heard at the Final Approval Hearing, either in person or through personal counsel, to

object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the Fees, Costs, and Expenses Award, or the Service Payments. However, Settlement Class Members (with or without their attorneys) intending to make an appearance at the Final Approval Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." Only Settlement Class Members who submit timely objections including Notices of Intention to Appear may speak at the Final Approval Hearing. If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal counsel's fees and costs.

5. **Failure to Object to Settlement.** Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (a) be deemed to have waived their right to object to the Settlement Agreement; (b) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement or proposed settlement; and (c) not be entitled to appear and request to be heard at the Final Approval Hearing.

6. **Requesting Exclusion.** Settlement Class Members may elect not to be part of the settlement and not to be bound by this Settlement Agreement. Individual requests for exclusion may be submitted to the Settlement Administrator electronically (through the Settlement Website) or by postal mail, but if submitted by postal mail, each Settlement Class Member must pay for postage. No mass opt-outs are allowed. All requests for exclusion must be in writing and must: (a) clearly identify the case names and numbers; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address of the Settlement Class Member seeking exclusion; (d) contain a statement that the requestor does not wish to participate in the

settlement; and (e) be signed personally by the Settlement Class Member. A request for exclusion must be submitted no later than seventy five (75) calendar days after entry of this Order.

7. **Provisional Certification.** The Settlement Class is provisionally certified as a class of:

> All persons in the United States that Safe Streets USA LLC, Acquity, LLC, Perfectvision Manufacturing Inc., Tektiks Innovative Network USA Inc., Simple Home 360 Inc., MWT & S Biz, LLC and/or their respective subcontractors (hereinafter "the Parties") called from May 10, 2015 through the date of the preliminary approval order and (1) received a telemarketing and/or pre-recorded voice message Call, (2) made by or on behalf of Safe Streets USA LLC and (3) regarding ADT home security services.[2]

8. **Conditional Appointment of Class Representative and Class Counsel.** Plaintiffs Stewart Abramson, Paul Jones and Mark Fitzhenry are conditionally certified as the class representatives to implement the Parties' settlement in accordance with the Settlement Agreement. The law firms of Paronich Law, P.C. and Kaufman PA are conditionally appointed as Settlement Class Counsel. Plaintiffs and Settlement Class Counsel must fairly and adequately protect Settlement Class Members' interests.

9. **Stay of Other Proceedings.** The Court hereby orders that any actions or proceedings in any court in the United States involving any Released Claims asserted by any Releasing Parties and/or Plaintiffs' General Release, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement, are stayed pending the Final Approval Hearing and issuance of any Final Approval Order and Final Judgment.

---

[2] Calls are defined as telephone calls and/or text messages to any kind of telephone number using any kind of technology or telephony, including, but not limited to, Voice over Internet Protocol.

**10. Termination.** In the event that the Settlement Agreement is voided, terminated, or cancelled, or fails to become effective for any reason whatsoever, then the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement, and they shall proceed in all respects as if the Settlement Agreement and any related orders had never been executed or accepted.

**11. No Admissions.** Nothing in the Settlement Agreement or this Order is, or may be construed as, an admission or concession of wrongdoing or liability by any Party or on any point of fact or law by or against any Party.

**12. Modifications.** Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement. The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

**13. Final Approval Hearing.** On _____ (month) ___ (day), 2021, at _____, this Court will hold a Final Approval Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Plaintiffs' motion in support of the Final Approval Order and Final Judgment shall be filed on or before fourteen (14) calendar days before the Final Approval Hearing. This Court may order the Final Approval Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Settlement Class Members.

**14.** **Summary Timeline.** The Settlement Agreement and this Order provide for the following dates and deadlines related to the provision of notice and the Final Approval Hearing:

| | |
|---|---|
| Last day for the Settlement Administrator to publish the Settlement Website and begin operating a toll-free telephone number, email address, and post office box to accept inquiries from Settlement Class Members | 30 calendar days after entry of this Order |
| Settlement Administrator begins providing notice to Settlement Class Members | On or before 30 calendar days after entry of this Order |
| Last day for Settlement Class Members to submit Claim Forms, object, or request exclusion from the Settlement Class | 75 calendar days after entry of this Order |
| Last day for Settlement Class Counsel to file motion in support of Final Approval Order and Final Judgment | 14 calendar days before Final Approval Hearing |

SO ORDERED this ___ day of _____, 2021.

_____
THE HONORABLE TERRENCE W. BOYLE
UNITED STATES DISTRICT COURT

**EXHIBIT 2**
**LONG-FORM NOTICE**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-00394-BO

| | |
|---|---|
| PAUL JONES AND MARK FITZHENRY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) |
| PLAINTIFFS, | ) ) |
| v. | ) ) |
| SAFE STREETS USA LLC and TEKTIKS INNOVATIVE NETWORK USA INC, | ) ) ) ) |
| DEFENDANTS. | ) ) |

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**TO:** All persons in the United States that Safe Streets USA LLC, Acquity, LLC, Perfectvision Manufacturing Inc., Tektiks Innovative Network USA Inc., Simple Home 360 Inc., MWT & S Biz, LLC and/or their respective subcontractors (hereinafter "the Parties") called from May 10, 2015 through the date of the preliminary approval order and (1) received a telemarketing and/or pre-recorded voice message Call, (2) made by or on behalf of Safe Streets USA LLC and (3) regarding ADT home security services.

### IF YOU ARE A MEMBER OF THIS GROUP,
### YOU SHOULD READ THIS NOTICE CAREFULLY.
### IT MAY AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.

*A FEDERAL COURT AUTHORIZED THIS NOTICE.*
*THIS IS NOT A SOLICITATION FROM A LAWYER.*

- A class action settlement agreement and release (the "**Settlement Agreement**") has been proposed in the class action lawsuit referenced above pending in the United States District Court for the Eastern District of North Carolina and a companion lawsuit in the United States District Court for the Southern District of Florida against Safe Streets captioned *Abramson v. Safe Streets USA LLC, et. al.*, Civil Action No. 20-cv-62325 (together the "**Actions**"). You may be a class member in the proposed settlement and may be entitled to participate in the proposed settlement.

- The United States District Court for the Eastern District of North Carolina has ordered the issuance of this notice in the Actions. Safe Streets USA LLC ("**Safe Streets**") denies it did

4850-6060-3635.1

anything wrong and has defended itself throughout the Actions. The Court has not decided who is right. Both sides have agreed to settle the dispute to avoid burdensome and costly litigation.

- If the Court gives final approval to the Settlement Agreement, Safe Streets will create a fund of $**1,500,000.00**. You may be eligible to receive a pro rata share of the settlement after the deduction of Settlement Class Counsel's Fees, Costs, and Expenses Award (see Section 11 below), Plaintiffs' Service Payments (see Section 12 below), and Administration Costs from the Settlement Fund (see Section 13 below), if you submit a timely and valid Claim Form. The value of a Settlement Class Member's individual award will depend upon the number of Authorized Claimants.

| A Summary of Your Rights and Options: | |
| --- | --- |
| **If You:** | **You Will:** |
| Do Not Exclude Yourself From The Settlement: → | • Be a member of the Settlement Class<br>• Be eligible to receive an award under the settlement<br>• Be able to object to the terms of the settlement<br>• Be bound by judgments and orders in the Actions<br>• Be prohibited from filing suit asserting Released Claims |
| *or* | |
| Exclude Yourself From The Settlement: → | • Not be a member of the Settlement Class<br>• Not be eligible to receive an award under the settlement<br>• Not be able to object to the terms of the settlement<br>• Not be bound by judgments and orders in the Actions<br>• Not be prohibited from filing suit asserting Released Claims |

- **This Notice Explains These Rights and Options and the Deadlines and Procedures For Exercising Them.**

- The Court has preliminarily approved the Settlement Agreement and must decide whether to give final approval to the Settlement Agreement. The relief provided to Settlement Class Members will be provided only if the Court gives final approval to the Settlement Agreement and, if there are any appeals, after the appeals are resolved in favor of the settlement. ***Please be patient***.

### WHAT THIS NOTICE CONTAINS

BACKGROUND INFORMATION ...................................................................................... ##

    1.      Why did I get this notice?

    2.      What are these lawsuits about?

    3.      Why are these class actions?

    4.      Why is there a settlement?

    5.      How do I know if I am part of the settlement?

    6.      I'm still not sure if I am included.

THE PROPOSED SETTLEMENT ........................................................................................ ##

    7.      What relief does the settlement provide to the Settlement Class Members?

HOW TO REQUEST AN AWARD UNDER THE SETTLEMENT – SUBMITTING A
CLAIM FORM ...................................................................................................................... ##

    8.      How can I get an award under the Settlement Agreement and how much
will I receive?

    9       When will I get an award under the Settlement Agreement?

THE LAWYERS IN THIS CASE AND THE PLAINTIFF ........................................................ ##

    10.    Do I have a lawyer in this case?

    11.    How will the lawyers be paid?

    12.    Will the Plaintiffs receive any compensation for their efforts in bringing
the Actions?

    13.    How will the Settlement Administrator be paid?

DISMISSAL OF ACTIONS AND RELEASE OF ALL CLAIMS ............................................. ##

    14.    What am I giving up to obtain relief under the Settlement Agreement?

HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT ............................................. ##

    15.    How do I exclude myself from the Settlement Agreement?

HOW TO OBJECT TO THE SETTLEMENT .......................................................................... ##

    16.    How do I tell the Court that I disagree with the Settlement Agreement?

    17.    What is the difference between excluding myself and objecting to the
Settlement Agreement?

FINAL APPROVAL HEARING ............................................................................................. ##

    18.    What is the Final Approval Hearing?

    19.    When and where is the Final Approval Hearing?

    20.    May I speak at the hearing?

4850-6060-3635.1

ADDITIONAL INFORMATION............................................................................................. ##

21.     How do I get more information?

22.     What if my address or other information has changed or changes after I
        submit a Claim Form?

## BACKGROUND INFORMATION

### 1.     Why did I get this notice?

You received this Notice because a Settlement Agreement has been reached in the Actions and you may be a class member.  If you are a member of the Settlement Class, you may be eligible for the relief detailed below.

This Notice explains the nature of the Actions, the general terms of the proposed Settlement Agreement, and your legal rights and obligations.  To obtain more information about the settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section 21 below.

### 2.     What are these lawsuits about?

Individuals (the "Plaintiffs") filed lawsuits against Safe Streets on behalf of themselves and all others similarly situated.  The lawsuits allege that Safe Streets violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by, *inter alia*, placing unsolicited telephone calls and/or text messages ("Calls") to Plaintiffs and the Settlement Class Members.

Safe Streets denies each and every allegation of unlawful conduct, any wrongdoing, and any liability whatsoever.  No court or other entity has made any judgment or other determination of any liability.  Safe Streets further denies that any Settlement Class Member is entitled to any relief and, other than for settlement purposes, that the Actions are appropriate for certification as a class action.

**<u>The issuance of this Notice is not an expression of the Court's opinion on the merits or the lack of merits of the Plaintiffs' claims in the Actions.</u>**

For information about how to learn about what has happened in the Actions to date, please see Section 21 below.

4850-6060-3635.1

| **3.** | **Why are these class actions?** |

In a class action lawsuit, one or more people sue on behalf of other people who allegedly have similar claims. The defendants in the Actions are Safe Streets, Simple Home 360 Inc., and Tektiks Innovative Network USA Inc. For purposes of this settlement, one court will resolve the issues for all Settlement Class Members.

| **4.** | **Why is there a settlement?** |

Plaintiffs have made claims against Safe Streets. Safe Streets denies that it has done anything wrong and admits no liability. The Court has **not** decided that the Plaintiffs or Safe Streets should win the Actions. Instead, both sides agreed to a Settlement Agreement. That way, they avoid the cost of a trial, and the Settlement Class Members will receive relief now rather than years from now, if at all.

| **5.** | **How do I know if I am part of the settlement?** |

The Court has decided that everyone who fits this description is a Settlement Class Member for purposes of the Settlement Agreement:

> All persons in the United States that Safe Streets USA LLC, Acquity, LLC, Perfectvision Manufacturing Inc., Tektiks Innovative Network USA Inc., Simple Home 360 Inc., MWT & S Biz, LLC and/or their respective subcontractors (hereinafter "the Parties") called from May 10, 2015 through the date of the preliminary approval order and (1) received a telemarketing and/or pre-recorded voice message Call, (2) made by or on behalf of Safe Streets USA LLC and (3) regarding ADT home security services.[1]

| **6.** | **I'm still not sure if I am included.** |

If you are still not sure whether you are included in the Settlement Class, you can write or call the Settlement Administrator for free help. The Settlement Administrator's contact information is below.

*Safe Streets TCPA Settlement*
c/o _____

[Address]
[City] [State], [Zip Code ]
1-8XX-XXX-XXXX
Email: [xxxx]@[xxxx].com

---

[1] Calls are defined as telephone calls and/or text messages to any kind of telephone number using any kind of technology or telephony, including, but not limited to, Voice over Internet Protocol.

## THE PROPOSED SETTLEMENT

### 7.   What relief does the settlement provide to the Settlement Class Members?

If the Court gives final approval to the settlement, Safe Streets will create a Settlement Fund of $**1,500,000.00** which will be used to pay the Claims of Settlement Class Members, Settlement Class Counsel's Fees, Costs, and Expenses Award (see Section 11 below), Plaintiffs' Service Payments (see Section 12 below), and compensation for the Settlement Administrator for Administration Costs (see Section 13 below).

If you are a Settlement Class Member, you are eligible to receive a pro rata share of the Settlement Fund, after the deduction of Settlement Class Counsel's Fees, Costs, and Expenses Award, Plaintiffs' Service Payments, and Administration Costs, by submitting a timely and valid Claim Form.  The value of a Settlement Class Member's individual award will depend upon the number of Authorized Claimants.

## HOW TO REQUEST AN AWARD UNDER THE SETTLEMENT – SUBMITTING A CLAIM FORM

### 8.   How can I get an award under the Settlement Agreement and how much will I receive?

To qualify for an award under the Settlement Agreement, you must submit a timely and valid Claim Form.  A Claim Form is available by clicking HERE or on the Internet at the website www.[xxxx].com.  The Claim Form may be submitted online, by email, or by postal mail.  Read the instructions carefully, fill out the form, and submit or postmark it by [Month] [Day], [Year]. If standard participation occurs in the settlement it is likely that you will receive approximately **$200.00.**

### 9.   When will I get an award under the Settlement Agreement?

As described in Sections 18 and 19, the Court will hold a hearing on [Month] [Day], [Year] at [time] to decide whether to approve the Settlement Agreement.  If the Court approves the settlement, after that, there may be appeals.  It's always uncertain whether these appeals will result in a favorable decision for the Settlement Class, and concluding them can take time, perhaps more than a year.  You can check on the progress of the case on the website dedicated to the settlement at www.[xxxx].com.  *Please be patient.*

## THE LAWYERS IN THIS CASE AND THE PLAINTIFF

### 10.  Do I have a lawyer in this case?

The Court has ordered that the law firms of Paronich Law, P.C. and Kaufman PA ("**Settlement Class Counsel**") will represent the interests of all Settlement Class Members.  You will not be

separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11. How will the lawyers be paid?

Settlement Class Counsel will petition the Court to receive a Fees, Costs, and Expenses Award up to $**550,000.00** total, which includes $**50,000.00** in out-of-pocket costs and expenses. The Court will make the final decision as to the amount to be paid to the attorneys for their fees and costs. You will not be required to separately pay any attorneys' fees or costs.

### 12. Will the Plaintiffs receive any compensation for their efforts in bringing the Actions?

The Plaintiffs will request a Service Payment of up to **$5,000.00** each for their services as class representatives and their efforts in bringing the Actions. The Court will make the final decision as to the amount to be paid to the Plaintiffs.

### 13. How will the Settlement Administrator be paid?

Settlement Class Counsel will petition the Court to pay the Administration Costs of the Settlement Administrator for costs and fees incurred in providing notice to the Settlement Class and administering the settlement. The Court will make the final decision as to the amount to be paid to the Settlement Administrator.

## DISMISSAL OF ACTIONS AND RELEASE OF ALL CLAIMS

### 14. What am I giving up to obtain relief under the Settlement Agreement?

If the Court approves the proposed Settlement Agreement and you do not submit an exclusion request, you will be releasing your claims against Safe Streets and the other entities allegedly involved in the Calls at issue unless you have excluded yourself from the settlement. This generally means that you will not be able to file or pursue a lawsuit against the Released Parties or be part of any other lawsuit against the Released Parties asserting claims that were or could have been asserted in the Actions. The Settlement Agreement, available on the Internet at the website www.[xxxx].com, contains the full terms of the release.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

### 15. How do I exclude myself from the Settlement Agreement?

You may exclude yourself from the Settlement Class and the Settlement Agreement. You can submit a request for exclusion to the Settlement Administrator electronically (through the Settlement Website) or by postal mail. If you want to be excluded, you must either submit the request for exclusion through the Settlement Website or write the Settlement Administrator stating: **(a)** the names and case numbers of the Action; **(b)** the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; **(c)** the address, telephone number, and email address of the Settlement Class Member seeking

exclusion; **(d)** that you do not wish to participate in the settlement; and **(e)** be signed personally by you. If you are not submitting your request for exclusion through the Settlement Website, it must be sent to the Settlement Administrator at:

*Safe Streets TCPA Settlement*

c/o _____

[Address]

[City] [State], [Zip Code]

www.[xxxx].com

Your request for exclusion must be submitted electronically (through the Settlement Website) or be postmarked no later than [Month] [Day], [Year] at 11:59 pm (Eastern). If you submit your request for exclusion by postal mail, you are responsible for your postage.

If you validly and timely request exclusion from the Settlement Class, you will be excluded from the Settlement Class, you will not be bound by the Settlement Agreement or the judgment entered in the Actions, you will not be eligible to make a Claim for any benefit under the terms of the Settlement Agreement, you will not be entitled to submit an objection to the Settlement Agreement, and you will not be precluded from prosecuting any timely, individual claim against the Released Parties based on the conduct complained of in the Actions.

## HOW TO OBJECT TO THE SETTLEMENT

**16.    How do I tell the Court that I disagree with the Settlement Agreement?**

At the date, time, and location stated in Section 19 below, the Court will hold a Final Approval Hearing to determine if the settlement is fair, reasonable, and adequate, and to also consider the payments to Settlement Class Counsel (see Section 11) and Plaintiffs (see Section 12).

If you wish to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed settlement, you must write to the Court and must: **(a)** clearly identify the case names and number; **(b)** include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; **(c)** include the address, telephone number, and email address of the objecting Settlement Class Member; **(d)** include the full name, address, telephone number, email address, and the state bar(s) of admission of the objector's counsel (if the objector is represented by personal counsel); and **(e)** provide a detailed explanation stating the specific reasons for the objection, including any legal or factual support and any evidence in support of the objection, in accordance with Rule 23(e)(5) of the Federal Rules of Civil Procedure. Objections may be submitted to the Settlement Administrator by postal mail. The Settlement Administrator will then have the objections submitted to the Court. Or you may submit the objections directly to the Court. If an objection is submitted by postal mail, the Settlement Class Member must pay for postage. The Settlement Administrator's contact information is below.



*Safe Streets TCPA Settlement*
c/o _____
[Address]
[City] [State], [Zip Code]


The mailing address of the Court is:


Clerk of the Court
United States District Court Eastern District of North Carolina
306 East Main St.
Elizabeth City, NC 27909

The objection must be be postmarked no later than [Month] [Day], [Year] at 11:59 pm (Eastern).

You may, but need not, submit your objection through counsel of your choice. If you do make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

**<u>IF YOU DO NOT TIMELY MAKE AN OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL APPROVAL HEARING.</u>**

If you submit a written objection, you have the option to appear and request to be heard at the Final Approval Hearing, either in person or through personal counsel. You are not required to appear. However, if you, or your attorney, intend to make an appearance at the Final Approval Hearing, you must include on your timely and valid objection a statement substantially similar to "Notice of Intention to Appear." Only those who submit timely objections including Notices of Intention to Appear may speak at the Final Approval Hearing. If you make an objection through an attorney, you will be responsible for your attorney's fees and costs.

**17. What is the difference between excluding myself and objecting to the Settlement Agreement?**

Objecting is simply telling the Court that you disagree with something about the Settlement Agreement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the settlement no longer affects you.

**FINAL APPROVAL HEARING**

**18. What is the Final Approval Hearing?**

The Court has preliminarily approved the settlement and will hold a hearing to decide whether to give final approval to the settlement. The purpose of the Final Approval Hearing will be for the

Court to determine whether the settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Fees, Costs, and Expenses Award to Settlement Class Counsel in the Actions; and to consider the request for a Service Payment to the Plaintiffs.

## 19. When and where is the Final Approval Hearing?

On [Month] [Day], [Year] at [time], a hearing will be held on the fairness of the proposed settlement. At the Final Approval Hearing, the Court will be available to hear any objections and arguments concerning the proposed settlement's fairness. The hearing will take place before the Honorable Terrence W. Boyle, United States District Court Eastern District of North Carolina, 306 East Main St. in Elizabeth City, NC 27909 on [Month] [Day], [Year], at _____am/pm. The Final Approval Hearing may be postponed to a different date or time or location. Please check www.[xxxx].com for any updates about the settlement generally or the Final Approval Hearing specifically. If the date or time of the Final Approval Hearing changes, an update to the Settlement Website will be the only way you will be informed of the change.

## 20. May I speak at the Final Approval Hearing?

At that Final Approval Hearing, the Court will be available to hear any objections and arguments concerning the fairness of the settlement. You may attend, but you do not have to. As described above in Section 16, you may speak at the Final Approval Hearing only if (a) you have timely submitted an objection; and (b) you have timely and validly provided a Notice of Intent to Appear. If you have requested exclusion from the settlement, you may not speak at the Final Approval Hearing.

# ADDITIONAL INFORMATION

## 21. How do I get more information?

To see a copy of the Settlement Agreement, the Court's Preliminary Approval Order, the application for a Fees, Costs, and Expenses Award, and the operative complaints filed in the Actions, please visit the Settlement Website located at: www.[xxxx].com. Alternatively, you may contact the Settlement Administrator at the email address [xxxx]@[xxxx].com or the U.S. postal (mailing) address: [Address] [City], [State], [Zip Code]. You may also obtain information by calling 1-8XX-XXX-XXXX.

This description of the Actions is general and does not cover all of the issues and proceedings that have occurred. In order to see the complete file, you should visit www.pacer.gov or the Clerk's office at the U.S. Courthouse, 306 East Main St. Elizabeth City, NC 27909. The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

**22.   What if my address or other information has changed or changes after I submit a Claim Form?**

It is your responsibility to inform the Settlement Administrator of your updated information.  You may do so at the address below:

*Safe Streets TCPA Settlement*
c/o _____

[Address]

[City] [State], [Zip Code ]
1-8XX-XXX-XXXX
Email: [xxxx]@[xxxx].com

\* \* \* \*

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

**EXHIBIT 3**
**POSTCARD NOTICE AND ELECTRONIC CLAIM FORM**

**You are receiving this because our records indicate you received a call from Safe Streets USA LLC, Acquity, LLC, Perfectvision Manufacturing Inc., Tektiks Innovative Network USA Inc., Simple Home 360 Inc., MWT & S Biz, LLC and/or their respective subcontractors promoting ADT home security services from May 10, 2015 through [DATE OF PRELIMINARY APPROVAL].**

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

*Safe Streets TCPA Settlement*
Settlement Administrator
P.O. Box XXXX
City, ST XXXXX-XXXX

Unique ID: <<Unique ID>>

[BARCODE]
[First Name] [Last Name]
[Address 1]
[Address 2]
[City], [ST] [Zip+4]

**Why did I get this notice?** A class action settlement agreement and release ("Settlement Agreement") has been proposed in class action lawsuits in the U.S. District Court for the Eastern District of North Carolina against Safe Streets USA LLC (the "**Actions**"). The purpose of this Notice is to inform you of the Actions and the Settlement Agreement so that you may decide what steps to take in relation to it.

**What are the Actions about?** The Actions were filed against Safe Streets USA LLC ("Safe Streets") and allege that Safe Streets violated the Telephone Consumer Protection Act by placing unsolicited telephone calls and/or text messages ("Calls") to Plaintiffs and the Settlement Class Members advertising ADT home security services. Safe Streets denies each and every allegation of unlawful conduct, any wrongdoing, and any liability whatsoever. *The Court has not decided that the Plaintiffs or Safe Streets should win the Actions.*

**Am I a Settlement Class Member?** You are a "Settlement Class Member" if you received a call from Safe Streets USA LLC, Acquity, LLC, Perfectvision Manufacturing Inc., Tektiks Innovative Network USA Inc., Simple Home 360 Inc., MWT & S Biz, LLC and/or their respective subcontractors promoting ADT home security services from May 10, 2015 through MONTH DAY, 20XX.

**What relief does the Settlement provide?** The Settlement provides $1,500,000 to pay (1) claims of eligible Settlement Class Members; (2) a Fees, Costs, and Expenses Award to Settlement Class Counsel; (3) a Service Payment to Plaintiffs; and (4) costs of Settlement administration and notice. If you are a Settlement Class Member, you are eligible to receive a pro rata share of the Net

4850-6060-3635.1

Settlement Fund by timely and validly submitting a Claim Form. This amount may change, as it depends on the number of timely and valid claims submitted by Settlement Class Members and the number of calls associated with those other Settlement Class Members' claims. To receive a Settlement award, you must timely complete and submit a valid Claim Form. A Claim Form is available at www.[xxxx].com. The deadline to submit a Claim Form is **[Month] [Day], [Year].** When completing a Claim Form, please use your Unique ID on the front of this postcard. If standard participation occurs in the settlement it is likely that you will receive approximately **$200.00.**

**What are my other options?** If you don't want to be legally bound by the Settlement, you must exclude yourself by **[Month] [Day], [Year],** or you won't be able to sue Safe Streets or others involved with the calls at issue about the legal claims in the Action ever again. If you stay in the Settlement, you may object to it by **[Month] [Day], [Year].** The detailed notice available at www.[xxxx].com describes the claims you will be releasing if you do not request exclusion and explains how to request exclusion or to object. The Court will hold a hearing on [Month] [Day], [Year] at [time] to consider whether to approve the Settlement and a request by the lawyers representing all Class Members for up to $550,000 for a Fees, Costs, and Expenses Award, and for the Plaintiff's request for a $5,000 Service Payment each. You may ask to appear at the hearing, but you don't have to.

**More information?** For complete information about the Settlement visit www.[xxxx].com or call 1-888-xxx-xxxx. You may also email [xxxx]@[xxxx].com or write to [Address] [City], [State] [Zip Code].

4850-6060-3635.1

You are receiving this because our records indicate you received a call from Safe Streets USA LLC, Acquity, LLC, Perfectvision Manufacturing Inc., Tektiks Innovative Network USA Inc., Simple Home 360 Inc., MWT & S Biz, LLC and/or their respective subcontractors promoting ADT home security services from May 10, 2015 through [DATE OF PRELIMINARY APPROVAL].

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

*Safe Streets TCPA Settlement*
Settlement Administrator
P.O. Box XXXX
City, ST XXXXX-XXXX

Unique ID: <<Unique ID>>

[BARCODE]
[First Name] [Last Name]
[Address 1]
[Address 2]
[City], [ST] [Zip+4]

**Why did I get this notice?** A class action settlement agreement and release ("Settlement Agreement") has been proposed in class action lawsuits in the U.S. District Court for the Eastern District of North Carolina against Safe Streets USA LLC (the "**Actions**"). The purpose of this Notice is to inform you of the Actions and the Settlement Agreement so that you may decide what steps to take in relation to it.

**What are the Actions about?** The Actions were filed against Safe Streets USA LLC ("Safe Streets") and allege that Safe Streets violated the Telephone Consumer Protection Act by placing unsolicited telephone calls and/or text messages ("Calls") to Plaintiffs and the Settlement Class Members advertising ADT home security services. Safe Streets denies each and every allegation of unlawful conduct, any wrongdoing, and any liability whatsoever. ***The Court has not decided that the Plaintiffs or Safe Streets should win the Actions.***

**Am I a Settlement Class Member?** You are a "Settlement Class Member" if you received a call from Safe Streets USA LLC, Acquity, LLC, Perfectvision Manufacturing Inc., Tektiks Innovative Network USA Inc., Simple Home 360 Inc., MWT & S Biz, LLC and/or their respective subcontractors promoting ADT home security services from May 10, 2015 through MONTH DAY, 20XX.

**What relief does the Settlement provide?** The Settlement provides $1,500,000 to pay (1) claims of eligible Settlement Class Members; (2) a Fees, Costs, and Expenses Award to Settlement Class Counsel; (3) a Service Payment to Plaintiffs; and (4) costs of Settlement administration and notice. If you are a Settlement Class Member, you are eligible to receive a pro rata share of the Net

Settlement Fund by timely and validly submitting a Claim Form. This amount may change, as it depends on the number of timely and valid claims submitted by Settlement Class Members and the number of calls associated with those other Settlement Class Members' claims. To receive a Settlement award, you must timely complete and submit a valid Claim Form. A Claim Form is available at www.[xxxx].com. The deadline to submit a Claim Form is **[Month] [Day], [Year].** When completing a Claim Form, please use your Unique ID on the front of this postcard. If standard participation occurs in the settlement it is likely that you will receive approximately **$200.00.**

**What are my other options?** If you don't want to be legally bound by the Settlement, you must exclude yourself by **[Month] [Day], [Year],** or you won't be able to sue Safe Streets or others involved with the calls at issue about the legal claims in the Action ever again. If you stay in the Settlement, you may object to it by **[Month] [Day], [Year].** The detailed notice available at www.[xxxx].com describes the claims you will be releasing if you do not request exclusion and explains how to request exclusion or to object. The Court will hold a hearing on [Month] [Day], [Year] at [time] to consider whether to approve the Settlement and a request by the lawyers representing all Class Members for up to $550,000 for a Fees, Costs, and Expenses Award, and for the Plaintiff's request for a $5,000 Service Payment each. You may ask to appear at the hearing, but you don't have to.

**More information?** For complete information about the Settlement visit www.[xxxx].com or call 1-888-xxx-xxxx. You may also email [xxxx]@[xxxx].com or write to [Address] [City], [State] [Zip Code].

4850-6060-3635.1

**CLAIM FORM**

 **This Form must be received by the Settlement Administrator no later than [Month] [Day], [Year].**

This Claim Form may be submitted in one of three ways:

1. Electronically through www.[xxx].com.
2. Via email to [xxx]@[xxx].com. Please fill out the enclosed pages, scan the document in its entirety, and include the form as an attachment.
3. Mail to: *Safe Streets TCPA Settlement,* c/o ___, [Address], [City] [State], [Zip Code].

To be effective as a Claim under the proposed settlement, this form must be completed, signed, and sent, as outlined above, **no later than [Month] [Day], [Year].** If this Form is not postmarked or received by this date, you will remain a member of the Settlement Class but will not receive any payment from the Settlement.

**Section II - Settlement Class Member Information**

**Claimant Name (Required):**

**Claimant Identification Number (Required):**

**Current Contact Information**

**Street Address (Required):**

**City (Required):**          **State (Required):**   **Zip Code (Required)**

**Email (optional):**

**Preferred Phone Number:**

*Your contact information will be used by the Settlement Administrator to contact you, if necessary, about your claim. Provision of your phone number is optional. By providing contact information, you agree that the Settlement Administrator may contact you about your claim.*

## Section III – Confirmation of Class Membership

Telephone Number(s) at which you received calls related to Safe Streets:

☐☐☐   ☐☐☐   ☐☐☐☐

## Section IV - Manner of Transmission of Funds

Payment will be by PayPal or direct deposit, unless you request otherwise. You acknowledge that if you do not choose direct deposit or PayPal, you may not receive payment as quickly. Also, the Settlement Administrator is not responsible for Settlement checks that do not arrive and will not reissue checks that are lost or stolen.

For PayPal

Please provide the email address associated with your PayPal account (if applicable):

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

For Direct Deposit:

Please provide your relevant routing and account number.

Routing (if applicable):

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Account (if applicable):

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

If you do not elect PayPal or Direct Deposit check below:

　　☐ I wish to receive payment by check.

If you select check, the check will be provided to the "current" contact information you provided in Section 1.

| Section V – Required Affirmations |
|---|

IF SUBMITTED ELECTRONICALLY:

☐ **I agree that, by submitting this Claim Form, the information in this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit, verification, and Court review. I am aware that I can obtain a copy of the full notice and Settlement Agreement at www.[xxxx].com or by writing the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address] [City], [State] [Zip Code]. Checking this box constitutes my electronic signature on the date of its submission.**

IF SUBMITTED BY U.S. MAIL:

**I agree that, by submitting this Claim Form, the information in this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit, verification, and Court review. I am aware that I can obtain a copy of the full notice and Settlement Agreement at www.[xxxx].com or by writing the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address] [City], [State] [Zip Code].**

Dated:_____      Signature: _____

<u>**SETTLEMENT ADMINISTRATOR ADDRESS (*where to send the completed form if submitting by mail*):**</u>

*Safe Streets TCPA Settlement*, c/o _____, [Address], [City] [State], [Zip Code].

# EXHIBIT 4
## PUBLICATION NOTICE

# *Safe Streets TCPA Settlement*
## *Banner Advertisement*

728 x 90 Online Display

Banner

Frame 1:



Frame 2:



## Facebook Newsfeed Banner



**Instagram Newsfeed Banner**



4850-6060-3635.1

**EXHIBIT 5**
**PUBLICATION NOTICE CLAIM FORM**

4850-6060-3635.1

In the United States District Court for the Eastern District of North Carolina

*Jones, et. al. v. Safe Streets USA LLC,* Case No. 5:19-cv-394

<u>Settlement Claim Form</u>

> **If you are a Settlement Class Member and wish to receive a payment, your completed Claim Form must be postmarked on or before [Claims Deadline]**

Please read the full notice of this settlement (available at [website]) carefully before filling out this Claim Form.

To be eligible to receive any benefits from the settlement obtained in these Actions, you must submit your Claim Form by mail:

MAIL:          [Address]

## PART ONE: CLAIMANT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

FIRST NAME                              LAST NAME

STREET ADDRESS

CITY                              STATE          ZIP CODE

CURRENT          TELEPHONE          TELEPHONE   NUMBER(S)   AT   WHICH
NUMBER                              CALLS AND/OR TEXTS WERE RECEIVED

EMAIL ADDRESS

QUESTIONS? VISIT **[WEBSITE]** OR CALL [NUMBER] TOLL-FREE

4850-6060-3635.1

**PART TWO: ATTESTATION UNDER PENALTY OF PERJURY**

I attest under the pains and penalties of perjury as follows:

☐ I believe that I am a member of the Settlement Class;

**AND**

☐ Between May 10, 2015 and [Preliminary Approval Date], I received one or more of the following telephone calls and/or text messages ("Calls") in the United States from, on behalf, or purporting to be on behalf of Safe Streets: [*check all that apply*]

☐ one or more telemarketing Calls made to any kind of telephone number using any kind of technology or telephony, including, but not limited to, Voice over Internet Protocol ; and/or

☐ one or more Calls initiated using an artificial or prerecorded voice;

**AND**

☐ I received such Call(s) on the following telephone number owned by me: «Phone»

**AND**

☐ I have attached hereto a telephone bill establishing proof of my ownership of the above telephone number(s) during the relevant time period;

**AND**

☐ This is the only Claim Form that I am submitting.

I wish to receive any payment pursuant to the Settlement Agreement __ by check. I understand that if I wish to receive electronic payment to my PayPal account I must provide the email address associated with my PayPal account: _____[PayPal Email Address].

_____     _____
SIGNATURE                                                                     DATE

## CLAIM FORM REMINDER CHECKLIST

**Before submitting this Claim Form, please make sure you:**

1.       Complete all fields in the Claimant Information section of this Claim Form.

4850-6060-3635.1

2.      Attach a telephone bill providing proof of ownership of the telephone number.  You must provide proof of ownership of the telephone number in order to be eligible to receive any award under the Settlement Agreement.

3.      Sign the Attestation in Part Two. You must sign the Attestation in order to be eligible to receive any award under the Settlement Agreement.

**Please keep a copy of your Claim Form for your records.**

QUESTIONS? VISIT **[WEBSITE]** OR CALL [NUMBER] TOLL-FREE

**EXHIBIT 6**
**[PROPOSED] FINAL APPROVAL ORDER**

4850-6060-3635.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-00394-BO

PAUL JONES AND MARK FITZHENRY,   )
ON BEHALF OF THEMSELVES AND   )
ALL OTHERS SIMILARLY SITUATED,   )
   )
            PLAINTIFFS,   )
   )
       v.   )
   )
SAFE STREETS USA LLC and   )
TEKTIKS INNOVATIVE NETWORK   )
USA INC,   )
   )
          DEFENDANTS.   )

## [PROPOSED] FINAL APPROVAL ORDER

On _____ (month) ___ (day), 2021, this Court heard the motion for final approval

of the class action settlement and for entry of judgment filed by Plaintiffs.[1]  This Court reviewed:

(a) the motion and the supporting papers, including the Class Action Settlement Agreement and

Release ("**Settlement Agreement**"); (b) any objections filed with or presented to the Court; (c)

the Parties' responses to any objections; and (d) counsel's arguments.  Based on this review and

the findings below, the Court finds good cause to grant the motion.

**FINDINGS:**

    **1.**     Upon review of the record, the Court hereby finds that the Settlement Agreement

is, in all respects, fair, adequate, and reasonable and therefore approves it.  Among other matters

---

[1] Capitalized terms in this Final Approval Order ("Order"), unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

4850-6060-3635.1

- 1 -

considered, the Court took into account: (a) the complexity of Plaintiffs' theories of liability; (b) the arguments raised by Safe Streets USA LLC ("Safe Streets") in its pleadings in the Actions that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred in the Actions; (e) the relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

2. The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and Safe Streets' Counsel resulting in the Settlement Agreement. These negotiations were presided over by an experienced mediator.

3. The Settlement Agreement provides substantial value to the Settlement Class in the form of cash payments.

4. Notice was provided to Settlement Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (a) fully and accurately informed Settlement Class Members about the Actions and Settlement Agreement; (b) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (c) provided procedures for Settlement Class Members to submit written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (d) provided the time, date, and place of the Final Approval Hearing.

5. Safe Streets filed a copy of the notice it gave on [Month] [Date], [Year] pursuant to 28 U.S.C. § 1715(b), and the notice complies with the requirements of 28 U.S.C. § 1715(b).

4850-6060-3635.1

6. Plaintiffs and Settlement Class Counsel have fairly and adequately protected the Settlement Class' interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

7. For the reasons stated in the Preliminary Approval Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Settlement Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3).

8. An award of $_____ for a Fees, Costs, and Expenses Award to Settlement Class Counsel is fair and reasonable in light of the nature of this case, Settlement Class Counsel's experience and efforts in prosecuting the Actions, and the benefits obtained for the Settlement Class.

9. A Service Payment to each Plaintiff of $_____ is fair and reasonable in light of: (a) Plaintiffs' risks in commencing the Actions; (b) the time and effort spent by Plaintiffs in litigating the Actions; and (c) Plaintiffs' public interest service.

10. Reimbursement of $_____ to the Settlement Administrator is fair and reasonable to compensate it for the provision of notice to the Settlement Class and administering the settlement.

**IT IS ORDERED THAT:**

**8.17    Settlement Class Members.** The Settlement Class is certified as a class of: All persons in the United States to whom Safe Streets or anyone acting or purporting to act on Safe Streets' behalf made or tried to make any of the following Calls between May 31, 2013, and the date of entry of the Preliminary Approval Order:

4850-6060-3635.1

- 3 -

All persons in the United States that Safe Streets USA LLC, Acquity, LLC, Perfectvision Manufacturing Inc., Tektiks Innovative Network USA Inc., Simple Home 360 Inc., MWT & S Biz, LLC and/or their respective subcontractors (hereinafter "the Parties") called from May 10, 2015 through the date of the preliminary approval order and (1) received a telemarketing and/or pre-recorded voice message Call, (2) made by or on behalf of Safe Streets USA LLC and (3) regarding ADT home security services.[2]

8.18   **Binding Effect of Order.**  This Order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members, including those who did not properly request exclusion under the Preliminary Approval Order.  This Order does not bind persons or entities who submitted timely and valid requests for exclusion.

8.19   **Release**.  Plaintiffs and all Settlement Class Members who did not properly request exclusion are deemed to have completely released and forever discharged the Released Parties for the Released Claims. The full terms of the release described in this paragraph are set forth in the Settlement Agreement and are specifically incorporated herein by this reference.

8.20   **Class Relief**.  The Settlement Administrator is further directed to issue payments, including to each Settlement Class Member who submitted a valid and timely Claim Form (i.e., each Authorized Claimant), according to the terms and timeline stated in the Settlement Agreement.

8.21   *Cy Pres* **Distribution.**  Pursuant to the Settlement Agreement, any unpaid portion of the Settlement Fund shall be paid to the National Consumer Law Center.

8.22   **Miscellaneous.**  No person or entity shall have any claim against Safe Streets, Safe Streets' Counsel, the Released Parties, Plaintiffs, the Settlement Class Members, Settlement Class

---

[2] Calls are defined as telephone calls and/or text messages to any kind of telephone number using any kind of technology or telephony, including, but not limited to, Voice over Internet Protocol.

4850-6060-3635.1

Counsel, or the Settlement Administrator based on distributions and payments made in accordance with the Settlement Agreement.

**8.23 Court's Jurisdiction**.  Pursuant to the Parties' request, the Court will retain jurisdiction over the Actions and the Parties for all purposes related to this settlement.

SO ORDERED this ___ day of _____, 2021.

_____
THE HONORABLE TERRENCE W. BOYLE
UNITED STATES DISTRICT COURT

4850-6060-3635.1