IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-00394-BO

PAUL JONES AND MARK FITZHENRY, )
ON BEHALF OF THEMSELVES AND )
ALL OTHERS SIMILARLY SITUATED, )
　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　PLAINTIFFS, )
　　　　　　　　　　　　　　　　　　　 )
　　　　v. )
　　　　　　　　　　　　　　　　　　　 )
SAFE STREETS USA LLC and )
TEKTIKS INNOVATIVE NETWORK )
USA INC, )
　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　DEFENDANTS. )

**PRELIMINARY APPROVAL ORDER**

This Court has reviewed the motion for preliminary approval of class settlement filed in

this Action, including the Class Action Settlement Agreement and Release ("Settlement

Agreement").[1] Based on this review and the findings below, the Court finds good cause to grant

the motion.

**FINDINGS:**

　　　　**1.**　　　The Court hereby preliminarily approves the Settlement Agreement and the terms

and conditions set forth therein, subject to further consideration at the Final Approval Hearing.

　　　　**2.**　　　The Court has conducted a preliminary assessment of the fairness, reasonableness,

and adequacy of the Settlement Agreement, and hereby finds that the settlement has the hallmarks

---

[1] Capitalized terms in this Preliminary Approval Order ("Order"), unless otherwise defined, have
the same definitions as those terms in the Settlement Agreement.

4850-6060-3635.1

of a reasonable settlement meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

3. The Long-Form Notice, Mail Notice, Postcard Notice, Publication Notice, and Claim Form (all attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise Settlement Class Members of the proposed settlement of the Actions, and their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

4. For settlement purposes only, the class is so numerous that joinder of all Settlement Class Members is impracticable.

5. For settlement purposes only, Plaintiffs' claims are typical of the Settlement Class Members' claims.

6. For settlement purposes only, there are questions of law and fact common to the Settlement Class Members that predominate over any questions affecting only individual Settlement Class Members.

7. For settlement purposes only, class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

1. **Settlement Approval.** The Settlement Agreement, including the Long-Form Notice, Postcard Notice, Publication Notice, and Claim Form attached to the Settlement Agreement as Exhibits 2-5 are preliminarily approved.

2. **Appointment of the Settlement Administrator and the Provision of Class Notice.** EPIQ is appointed as the Settlement Administrator. Defendant Safe Streets and the Settlement Administrator will notify Settlement Class Members of the settlement in the manner specified under Section 4 of the Settlement Agreement.

3. **Claim for a Settlement Award.** To be eligible to receive an award, subject to the review process for Claims pursuant to Section 5.3 of the Settlement Agreement, Settlement Class Members must submit a timely and valid Claim Form to the Settlement Administrator no later than seventy five (75) calendar days after the entry of this Order.

4. **Objection to Settlement.** Any Settlement Class Member who has not submitted a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the Fees, Costs, and Expenses Award, or the Service Payments must deliver written objections to the Settlement Administrator or the Court by postal mail and postmarked no later than seventy five (75) calendar days after the entry of this Order. Written objections must: (a) clearly identify the case names and numbers; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address of the objecting Settlement Class Member; (d) include the full name, address, telephone number, email address, and the state bar(s) of admission of the objector's counsel (if the objector is represented by personal counsel); and (e) provide a detailed explanation stating the specific reasons for the objection, including any legal or factual support and any evidence in support of the objection, in accordance with Rule 23(e)(5) of the Federal Rules of Civil Procedure. Any Settlement Class Member who timely submits a written objection, as described in this paragraph, has the option to appear and request to be heard at the Final Approval Hearing, either in person or through personal counsel, to

object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the Fees, Costs, and Expenses Award, or the Service Payments. However, Settlement Class Members (with or without their attorneys) intending to make an appearance at the Final Approval Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." Only Settlement Class Members who submit timely objections including Notices of Intention to Appear may speak at the Final Approval Hearing. If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal counsel's fees and costs.

**5.** **Failure to Object to Settlement.** Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (a) be deemed to have waived their right to object to the Settlement Agreement; (b) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement or proposed settlement; and (c) not be entitled to appear and request to be heard at the Final Approval Hearing.

**6.** **Requesting Exclusion.** Settlement Class Members may elect not to be part of the settlement and not to be bound by this Settlement Agreement. Individual requests for exclusion may be submitted to the Settlement Administrator electronically (through the Settlement Website) or by postal mail, but if submitted by postal mail, each Settlement Class Member must pay for postage. No mass opt-outs are allowed. All requests for exclusion must be in writing and must: (a) clearly identify the case names and numbers; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address of the Settlement Class Member seeking exclusion; (d) contain a statement that the requestor does not wish to participate in the

settlement; and (e) be signed personally by the Settlement Class Member. A request for exclusion must be submitted no later than seventy five (75) calendar days after entry of this Order.

7. **Provisional Certification.** The Settlement Class is provisionally certified as a class of:

> All persons in the United States that Safe Streets USA LLC, Acquity, LLC, Perfectvision Manufacturing Inc., Tektiks Innovative Network USA Inc., Simple Home 360 Inc., MWT & S Biz, LLC and/or their respective subcontractors (hereinafter "the Parties") called from May 10, 2015 through the date of the preliminary approval order and (1) received a telemarketing and/or pre-recorded voice message Call, (2) made by or on behalf of Safe Streets USA LLC and (3) regarding ADT home security services.[2]

8. **Conditional Appointment of Class Representative and Class Counsel.** Plaintiffs Stewart Abramson, Paul Jones and Mark Fitzhenry are conditionally certified as the class representatives to implement the Parties' settlement in accordance with the Settlement Agreement. The law firms of Paronich Law, P.C. and Kaufman PA are conditionally appointed as Settlement Class Counsel. Plaintiffs and Settlement Class Counsel must fairly and adequately protect Settlement Class Members' interests.

9. **Stay of Other Proceedings.** The Court hereby orders that any actions or proceedings in any court in the United States involving any Released Claims asserted by any Releasing Parties and/or Plaintiffs' General Release, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement, are stayed pending the Final Approval Hearing and issuance of any Final Approval Order and Final Judgment.

---

[2] Calls are defined as telephone calls and/or text messages to any kind of telephone number using any kind of technology or telephony, including, but not limited to, Voice over Internet Protocol.

4850-6060-3635.1

**10.    Termination.** In the event that the Settlement Agreement is voided, terminated, or cancelled, or fails to become effective for any reason whatsoever, then the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement, and they shall proceed in all respects as if the Settlement Agreement and any related orders had never been executed or accepted.

**11.    No Admissions.** Nothing in the Settlement Agreement or this Order is, or may be construed as, an admission or concession of wrongdoing or liability by any Party or on any point of fact or law by or against any Party.

**12.    Modifications.** Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement. The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

**13.    Final Approval Hearing.** On January     (month) 12th (day), 2022 at 2 PM    , this Court will hold a Final Approval Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Plaintiffs' motion in support of the Final Approval Order and Final Judgment shall be filed on or before fourteen (14) calendar days before the Final Approval Hearing. This Court may order the Final Approval Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Settlement Class Members.

4850-6060-3635.1

**14.** **Summary Timeline.** The Settlement Agreement and this Order provide for the

following dates and deadlines related to the provision of notice and the Final Approval Hearing:

| | |
|---|---|
| Last day for the Settlement Administrator to publish the Settlement Website and begin operating a toll-free telephone number, email address, and post office box to accept inquiries from Settlement Class Members | 30 calendar days after entry of this Order |
| Settlement Administrator begins providing notice to Settlement Class Members | On or before 30 calendar days after entry of this Order |
| Last day for Settlement Class Members to submit Claim Forms, object, or request exclusion from the Settlement Class | 75 calendar days after entry of this Order |
| Last day for Settlement Class Counsel to file motion in support of Final Approval Order and Final Judgment | 14 calendar days before Final Approval Hearing |

SO ORDERED this  8  day of August 2021.

Terrence W. Boyle

THE HONORABLE TERRENCE W. BOYLE
UNITED STATES DISTRICT COURT