IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-00394-BO

STEWART ABRAMSON, PAUL JONES )
AND MARK FITZHENRY, )
ON BEHALF OF THEMSELVES AND )
ALL OTHERS SIMILARLY SITUATED, )
)
PLAINTIFFS, )
)
v. )
)
SAFE STREETS USA LLC, and TEKTIKS )
INNOVATIVE NETWORK USA INC, )
)
)
DEFENDANTS. )

## FINAL APPROVAL ORDER

On January 12, 2022, this Court heard the motion for final approval of the class action settlement and for entry of judgment filed by Plaintiffs.[1] This Court reviewed: (a) the motion and the supporting papers, including the Class Action Settlement Agreement and Release ("**Settlement Agreement**"); (b) any objections filed with or presented to the Court; (c) the Parties' responses to any objections; and (d) counsel's arguments. Based on this review and the findings below, the Court finds good cause to grant the motion.

**FINDINGS:**

1.  Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable and therefore approves it. Among other matters

---

[1] Capitalized terms in this Final Approval Order ("Order"), unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

- 1 -

considered, the Court took into account: (a) the complexity of Plaintiffs' theories of liability; (b) the arguments raised by Safe Streets USA LLC ("Safe Streets") in its pleadings in the Actions that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred in the Actions; (e) the relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

2. The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and Safe Streets' Counsel resulting in the Settlement Agreement. These negotiations were presided over by an experienced mediator.

3. The Settlement Agreement provides substantial value to the Settlement Class in the form of cash payments.

4. Notice was provided to Settlement Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (a) fully and accurately informed Settlement Class Members about the Actions and Settlement Agreement; (b) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (c) provided procedures for Settlement Class Members to submit written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (d) provided the time, date, and place of the Final Approval Hearing.

5. A copy of the notice provided by Safe Streets on August 12, 2021 pursuant to 28 U.S.C. § 1715(b) has been filed, and the notice complies with the requirements of 28 U.S.C. § 1715(b).

6. Plaintiffs and Settlement Class Counsel have fairly and adequately protected the Settlement Class's interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

7. For the reasons stated in the Preliminary Approval Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Settlement Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3).

8. An award of $ 577,559.07 for a Fees and Expenses Award to Settlement Class Counsel is fair and reasonable in light of the nature of this case, Settlement Class Counsel's experience and efforts in prosecuting the Actions, and the benefits obtained for the Settlement Class.

9. A Service Payment to each Plaintiff of $ 5,000.00 is fair and reasonable in light of: (a) Plaintiffs' risks in commencing the Actions; (b) the time and effort spent by Plaintiffs in litigating the Actions; and (c) Plaintiffs' public interest service.

10. Reimbursement of up to the original estimate amount to the Settlement Administrator is fair and reasonable to compensate it for the provision of notice to the Settlement Class and administering the settlement.

- 3 -

Case 5:19-cv-00394-BO   Document 117   Filed 01/12/22   Page 3 of 5

**IT IS ORDERED THAT:**

**Settlement Class Members.** The Settlement Class is certified as a class of:

All persons in the United States to whom Safe Streets or anyone acting or purporting to act on Safe Streets' behalf made or tried to make any of the following Calls between May 31, 2013, and the date of entry of the Preliminary Approval Order:

> All persons in the United States that Safe Streets USA LLC, Acquity, LLC, Perfectvision Manufacturing Inc., Tektiks Innovative Network USA Inc., Simple-Home 360 Inc., MWT & S Biz, LLC and/or their respective subcontractors (hereinafter "the Parties") called from May 10, 2015 through the date of the preliminary approval order and (1) received a telemarketing and/or pre-recorded voice message Call, (2) made by or on behalf of Safe Streets USA LLC and (3) regarding ADT home security services.[2]

**Binding Effect of Order.** This Order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members, including those who did not properly request exclusion under the Preliminary Approval Order. This Order does not bind persons or entities who submitted timely and valid requests for exclusion.

**Release.** Plaintiffs and all Settlement Class Members who did not properly request exclusion are deemed to have completely released and forever discharged the Released Parties for the Released Claims. The full terms of the release described in this paragraph are set forth in the Settlement Agreement and are specifically incorporated herein by this reference.

**Class Relief.** The Settlement Administrator is further directed to issue payments, including to each Settlement Class Member who submitted a valid and timely Claim Form (i.e., each Authorized Claimant), according to the terms and timeline stated in the Settlement Agreement.

---

[2] Calls are defined as telephone calls and/or text messages to any kind of telephone number using any kind of technology or telephony, including, but not limited to, Voice over Internet Protocol.

***Cy Pres* Distribution.** Pursuant to the Settlement Agreement, any unpaid portion of the Settlement Fund shall be paid to the National Consumer Law Center.

**Miscellaneous.** No person or entity shall have any claim against Safe Streets, Safe Streets' Counsel, the Released Parties, Plaintiffs, the Settlement Class Members, Settlement Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with the Settlement Agreement.

**Court's Jurisdiction.** Pursuant to the Parties' request, the Court will retain jurisdiction over the Actions and the Parties for all purposes related to this settlement.

SO ORDERED this _12_ day of _January_ 2022.

_Terrence Boyle_
THE HONORABLE TERRENCE W. BOYLE
UNITED STATES DISTRICT COURT